IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONION NEDERLAND BV, | :<br>: |
| Plaintiff, | :<br>: |
| v. | : Civil No. 11-67 (RBK/KMW)<br>: |
| ASIUS TECHNOLOGIES LLC, | : **OPINION**<br>: |
| Defendant. | :<br>: |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court on the motion of Sonion Nederland BV ("Plaintiff") for reargument of Defendant Asius Technologies LLC's motion to transfer to the Northern District of Illinois, which this Court granted on November 18, 2011. Because the Court does not find that Plaintiff has raised any grounds for reargument, Plaintiff's motion for reargument is denied.

**I.    BACKGROUND[1]**

Plaintiff initiated a lawsuit against Defendant in the District of Delaware on January 20, 2011, alleging breach of a Joint Development Agreement ("Agreement") to explore the possibility of combining Defendant's technology with Plaintiff's component parts for use in hearing aids. However, the Delaware breach of contract action was preceded by an action filed by Asius in the Northern District of Illinois, where Asius seeks declaratory judgment that it is not violating Plaintiff's patent rights. Because this Court found that the Delaware and Illinois

---

[1] A detailed summary of the facts of this case is laid out in this Court's November 18, 2011 Opinion. D.I. 32 (hereinafter "Op."). Here, the Court addresses only the facts and procedural history directly relevant to the instant motion for reargument.

actions concerned the same parties and similar, intertwined issues, the Court applied the equitable first-filed rule and transferred the matter to the Northern District of Illinois on November 18, 2011.

On December 2, 2011, Plaintiff filed a motion for reargument pursuant to District of Delaware Local Rule 7.1.5(a).[2] Defendant appended to its opposition brief the Memorandum Opinion of District Judge John F. Grady, which dismissed without prejudice Asius's complaint in the Northern District of Illinois, and denied Sonion's motion for sanctions. Defendant also appended an intervening Federal Circuit case that, it argues, controls the first-filed question.[3] Plaintiff responded with a "supplemental statement" addressing the two appended cases.[4]

## II. STANDARD

As Local Rule 7.1.5(a) itself explains, "[m]otions for reargument shall be sparingly granted." D. Del. L.R. 7.1.5(a). Like the district courts within it, the Third Circuit has identified three scenarios that, if shown by a moving party, might permit a district court to grant a motion for reargument: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a

---

[2] District of Delaware Local Rule 7.1.5(a) provides:
> Motions for reargument shall be sparingly granted. If a party chooses to file a motion for reargument, said motion shall be filed within 14 days after the Court issues its opinion or decision, with the exception of motions filed pursuant Fed. R. Civ. P. 59(e), which shall be filed in accordance with the lime [sic] limits set forth in Fed. R. Civ. P. 59(e). The motion shall briefly and distinctly state the grounds therefore. Within 14 days after filing of such motion, the opposing party may file a brief answer to each ground asserted in the motion. Motions for reargument and any answers thereto shall not exceed 10 pages. The Court will determine from the motion and answer whether reargument will be granted.

[3] Because a motion for reargument does not require that we seek further confirmation of the decision expressed in our Opinion of November 18, 2011, In re Link_A_Media Device Corp., 2011 U.S. App. LEXIS 23951 (Fed. Cir. Dec. 2, 2011), is not discussed herein. Among other things, Rule 7.1.5(a) requires that we would examine any new contradictory law that the <u>movant</u> might bring to our attention. No such case law has been offered by Plaintiff here.

[4] Plaintiff claims that its supplemental statement is offered in accordance with Local Rule 7.1.2(b). However, this Court doubts that Local Rule 7.1.2(b), which generally governs the scheduling of a moving party's reply to a nonmovant's opposition, applies to motions for reargument. Local Rule 7.1.5(a) clearly sets out the provisions—including scheduling and page length—both for filing a motion for reargument, and for the permissive filing of opposition to same. It does not indicate that the movant is afforded a reply, nor does it make any reference to Local Rule 7.1.2(b). Accordingly, Plaintiff's "supplemental statement" on Defendant's opposition brief is unlikely to be permitted by the Local Rules without leave of the Court first being sought. Nevertheless, in this case, the Court will accept Plaintiff's supplemental statement.

clear error of law or fact or to prevent manifest injustice." Johnson v. Diamond State Port Corp., 50 Fed. Appx. 554, 560 (3d Cir. 2002); see also Dentsply Int'l, Inc. v. Kerr Mfg. Co., 42 F. Supp. 2d 385, 419 (D. Del. 1999); Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1241 (D. Del. 1990). Even if one of these three scenarios is shown, the district court's decision to grant reargument remains discretionary. See Flash Seats, LLC v. Paciolan, Inc., 2011 U.S. Dist. LEXIS 110476 (D. Del. Sept. 28, 2011) ("The decision to grant such relief lies squarely within the discretion of the district court."); Dentsply Int'l, 42 F. Supp. 2d at 419 (noting that "the court, in its discretion, may grant reargument . . ."). Finally, "reargument should never be granted if reargument would not alter the previous results reached by the Court." Dentsply Int'l, 42 F. Supp. 2d at 419 (D. Del. 1999) (citing Stairmaster Sports/Medical Products, Inc. v. Groupe Procycle, Inc., 25 F. Supp. 2d 270, 292-93 (D. Del. 1998)).

## III. DISCUSSION

Plaintiff explains that it has filed the instant motion because of "facts that Asius inaccurately characterized" as well as "recent developments in the Illinois action, which surfaced after the briefing on Asius' motion." Pl. Br. in Support of Motion for Reargument ("Pl. Br. Rearg."), 1. In particular, Sonion claims that Asius was "improperly exploiting the Declaratory Judgment Act as a hook to get into federal court" in the Northern District of Illinois, since Sonion US (the Sonion entity initially sued by Asius) and Asius are not diverse parties. Id. at 2. Sonion apparently demanded that Asius withdraw its federal action in Illinois, but Asius refused, and Sonion responded by moving for sanctions in the Northern District of Illinois.

Thus Plaintiff's principal reason for seeking reargument in this case appears to be its belief that Defendant has behaved improperly in the Illinois action. Plaintiff does not identify which of the three grounds for reargument this falls under. Because Plaintiff offers a list of

3

"details, many of which surfaced after the briefing in this case had completed on May 9, 2011," the Court ventures that Sonion believes this falls within the category of new evidence that was not available when the court issued its order. Pl. Br. Rearg., 3. This Court firmly maintains that it is not within our province to evaluate the propriety of Asius's actions in the Northern District of Illinois. Moreover, Judge Grady has already performed such an evaluation, and has not found Asius's conduct there to be sanctionable. Asius Technologies, LLC v. Sonion US, Inc., Sonion Nederland BV, Sonion Roskilde A/S, 2011 U.S. Dist. LEXIS 143008 at *22 (N.D. Ill. Dec. 13, 2011) (finding that the errors in Asius's litigation conduct in Illinois "do not rise to the level of sanctionable conduct, either individually or cumulatively"). Accordingly, this Court does not find that Sonion's allegations about purported flaws in Asius's Illinois filing warrant reargument of Asius's motion to transfer in this Court.

Furthermore, in the brief accompanying its motion for reargument, Plaintiff argues that "[i]f Judge Grady dismisses [the Northern District of Illinois] action, then it cannot be the first-filed action." Id. at 2. However, Plaintiff cites no law for the proposition that the later dismissal of an earlier filed action removes its status as the first-filed action. In fact, as this Court recognized in its Opinion granting Defendant's motion to transfer, it has been found within this Circuit and elsewhere that "if the first-filed action is vulnerable to dismissal on jurisdictional grounds, the court in the second-filed action should stay or transfer said action rather than dismiss it outright." Nature's Benefit, Inc. v. NFI, 2007 U.S. Dist. LEXIS 62871 (D.N.J. Aug. 27, 2007) (citing Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 628 (9th Cir. 1991); GT Plus, Ltd. v. Ja-Ru Inc., 41 F.Supp. 2d 421, 424 (S.D.N.Y. 1998); 17 Moore's Federal Practice, § 111.13(1)(o)(ii)(A)-(C)). Since this Court's November 18, 2011 Order, the Northern District of Illinois has dismissed Asius's complaint there without prejudice, has given Asius leave to cure

the deficiencies in its complaint, and has denied Sonion's motion for sanctions.[5] Asius Technologies, LLC, 2011 U.S. Dist. LEXIS 143008 at *22. Given these events, and the fact that vulnerability to dismissal in the first-filed action weighs in favor of transfer, we find that transfer remains appropriate in these circumstances, and Plaintiff has not raised a justification for reargument.

Finally, Plaintiff suggests that this Court has misapprehended which intellectual property rights are addressed in the respective Delaware and Illinois actions. Even if this is true, the Court does not find that this rises to the level of presenting a "need to correct a clear error of law or fact or to prevent manifest injustice." Johnson, 50 Fed. Appx. at 560. This Court finds that the dispute brought in Delaware raises similar issues to those raised in the Northern District of Illinois, between two identical parties, the tension between whom Judge Grady has already begun to confront. Because "reargument should never be granted if reargument would not alter the previous results reached by the Court," Dentsply Int'l, 42 F. Supp. 2d at 419 (D. Del. 1999), this Court declines Plaintiff's invitation to rehear Defendant's motion.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reargument is **DENIED**. An accompanying Order shall issue today.


Dated: 12/21/2011                            /s/ Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                  United States District Judge

---

[5] Plaintiff points out that Judge Grady granted Asius leave to cure the deficiencies in its complaint "if it can do so." Asius Technologies, LLC, 2011 U.S. Dist. LEXIS 143008 at *23. Plaintiff interprets this to mean that "the Illinois Court appears to have its own doubts whether the facts will permit Asius to file an Amended Complaint so as to invoke the Illinois Court's subject matter jurisdiction." Pl. Supp. Statement, 4. To begin with, this Court declines to read so much into Judge Grady's order. Further, even if Plaintiff's reading were correct, it would not justify ignoring the first-filed rule.